# Neary v. Philadelphia & Reading Coal & Iron Company, Appellant.

*Workmen's Compensation Act — Medical service —Refusal of medical service—Change of positions—Act of June 2, 1915, Sec. 306, P. L. 736.*

The words "shown to have resulted from such refusal" in paragraph E of Section 306, of the Workmen's Compensation Act of June 2, 1915, P. L. 736, modifies the preceding word "injury" as well as the preceding word "increase" so as not to deprive the claimant of all compensation for his refusal to accept medical service from his employer, but only to compensation for injury or increase of incapacity caused by the refusal to accept medical assistance. The mere fact that the claimant has dismissed a physician engaged by his employer, and engaged another, will not of itself deprive him absolutely of all compensation for his injuries.

Argued Dec. 4, 1917. Appeal, No. 111, Oct. T., 1917, by defendant, from order of C. P. Schuylkill Co., Sept. T., 1916, No. 191, dismissing an appeal from the Workmen's Compensation Act in case of Anthony F. Neary v. Philadelphia & Reading Coal & Iron Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from Workmen's Compensation Board.

JOHNSON, P. J., specially presiding, filed the following opinion:

This is an appeal by the defendant from an award of damages made to the plaintiff by the Workmen's Compensation Board. The facts of the case, as stated in the opinion of Mr. Mackey, chairman, are as follows:

"The claimant, while discharging his duties as an employee of the defendant on March 9, 1916, sustained certain injuries which incapacitated him from the date of the said accident up until the time of the hearing before the referee, to wit, May 26, 1916, and will render him unfit for labor for some time thereafter. The claim-

ant after having accepted proper and reasonable medical services from the defendant saw fit to abandon a competent. physician thus furnished and selected another. There is no allegation because of this change in physicians and the subsequent treatment furnished by the latter that there was thereby any incapacity suffered, nor were any separate nor distinct injuries sustained because of the said treatment; on the contrary, the referee has found and he is sustained by the evidence, that the treatment of Dr. Monaghan was perfectly proper and would have been accorded to the claimant by the defendant's physician had he been left in charge of the case. The defendant in the argument before the board disavowed any suggestion that the treatment was not proper or that there was any increase in the injuries of the claimant because of the change of physicians. The defendant, however, has raised a question involving the interpretation of the last sentence of Section 306, paragraph "e," which reads: "If the employee shall refuse reasonable, surgical, medical and hospital services, medicines and supplies tendered to him by his employer, he shall forfeit all right to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."

The defendant contends that by Section 306, paragraph "e," of the Act of June 2, 1915, P. L. 736, the claimant is deprived absolutely of all compensation if he abandons a competent physician furnished by the employer. The question to be determined here is whether for such refusal of services the claimant forfeits all his right to all compensation, or whether he simply forfeits his right to compensation for any injury shown to have resulted from such refusal, or to any increase in his incapacity shown to have resulted from such refusal. We are of the opinion that the clause "shown to have resulted from such refusal" modifies the word "injury" as well as the word "increase," and that the legislature did not mean to deprive the claimant of all compensation for his refusal to accept medical services from his employer, but

only to compensation for injury or increase of incapacity caused by the refusal to accept medical assistance. We need not go beyond the plain language of Section 306, paragraph "e" to arrive at this conclusion. Both the facts and the law are clearly set forth in the able opinion of Chairman Mackey. For the reasons above set forth the appeal must be dismissed and the award sustained.

*Error assigned* was the judgment of the court.

*John F. Whalen,* with him *George Ellis,* for appellant.

*Harry C. Hubler,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

The single question involved in this appeal is clearly stated in the opinion filed by the learned court below. Its answer depends on a proper interpretation of Paragraph E, Section 306, of the Workmen's Compensation Act. We are convinced the learned court below reached the correct conclusion and the opinion filed by him furnishes reasons satisfactory to us in support of that conclusion. We therefore overrule the assignments of error and dismiss the appeal at the costs of the appellant.